IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

In the Matter of the Parentage of:

O.M-S.,

                              Child,

ANDREW SUNWOO,

                              Respondent,

  and

DIANA MCKUNE,

                              Appellant.

No. 80256-9-I

DIVISION ONE

UNPUBLISHED OPINION

LEACH, J. — Diana McKune appeals several trial court decisions about child support. She claims the trial court abused its discretion by the way it used a fringe benefit for childcare in its child support calculations. We agree, reverse, and remand for further proceedings consistent with this opinion.

BACKGROUND

Andrew T. Sunwoo and Diana M. McKune are parents of O.M-S. On August 15, 2018, the parties participated in a settlement conference with Cheryll Russell and agreed on a final parenting plan. They also agreed to submit all remaining issues including

Citations and pincites are based on the Westlaw online version of the cited material.

calculation of child support, development of all other provisions of a child support order, claims for reimbursements, and attorney fees and costs to a binding arbitration.

On March 5, 2019, Russell released her arbitration decision and award. Russell concluded that under RCW 26.19.071(3) the employment benefits McKune received, including both child care and pet insurance (fringe benefits), constitute income to McKune for purposes of income calculation. She also calculated McKune's monthly gross income. For 2016, including a daycare benefit, her monthly gross income was $2,565.58. For 2017, she concluded that McKune's monthly gross income increased to $5,212.66. She noted that "the taxes paid on these employment benefits are included in the tax deduction on the Child Support Worksheet." Finally, for 2018 she calculated a monthly gross income of $5,226.05.

The arbitrator also found McKune had not incurred any work related child care expenses. She declined to find that the value of the fringe benefit she included in McKune's income reflected an expense incurred by McKune. And, she therefore declined to require Sunwoo to reimburse her for his proportionate share of this amount.

The parties could not agree on final orders implementing the arbitration decision. McKune asked the trial court to modify the arbitrator's child support decision. Sunwoo asked the court to enter his proposed final orders that "follow the CR 2(a), arbitration ruling, and the court's prior orders regarding arbitration fees and child support." On

June 17, 2019, the trial court signed these final orders with modifications that did not address the child care issue. These orders were filed the next day. McKune appeals.

## STANDARD OF REVIEW

We review a superior court's decision setting child support for abuse of discretion.[1] A superior court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons.[2] A decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard; it is based on untenable grounds if the factual findings are unsupported by the record; it is based on untenable reasons if the court applied the incorrect legal standard or the facts do not meet the requirements of the correct standard.[3]

## ANALYSIS

<u>Income Calculation</u>

McKune first claims the trial court attributed too much income to her when calculating child support. She contends the court should not have included as part of her income the amount for the day care fringe benefit shown on her paystub. She notes the arbitrator found the same amount was shown as a deduction from her gross pay on her paystub. She asserts this shows the amount was never available to her for payment of support.

RCW 26.19.171(1) requires that the court consider all income and resources of each parent's household when establishing each parent's child support obligation. RCW 26.19.071(3) states a parent's gross income includes all income from any source,

---

[1] <u>In re Marriage of Booth</u>, 114 Wn.2d 772, 776, 791 P.2d 519 (1990).
[2] <u>In re Marriage of Horner</u>, 151 Wn.2d 884, 893, 93 P.3d 124 (2004).
[3] <u>Horner</u>, 151 Wn.2d at 893-94.

except those sources expressly excluded in subsection 4 of the statute. Subsection 4 does not exclude child care payments made by an employer for the benefit of its employee. So, if the child care payments made by McKune's employer are income, the trial court properly included them when making its child support calculation.

No statute defines "income" for purposes of child support calculations. We look to a dictionary for common definitions: (1) "a gain or recurrent benefit that is usually measured in money" or (2) the "value of goods and services received."[4] The challenged day care payments meet these definitions. They were a recurrent benefit whose value was measured in money. And, McKune received the value of child care purchased by her employer for this amount. The trial court correctly included the amount of the child care payments as income to McKune.

McKune offers two arguments for a contrary result. First, she notes her employer deducted from her gross pay the full amount of the day care payment. From this fact, she asserts she did not have this amount available to pay child support, and it should not be included as income. As we discuss below, this deduction bears on whether McKune incurred any day care expense and not whether she received income.

McKune also relies on an unpublished opinion from Division III of this court, Gore v. Jones.[5] There, the court considered whether deferred compensation and health insurance premiums paid by a physician's employer should be included in the physician's income when calculating child support. The court noted RCW 26.19.071(3) requires including income from deferred compensation and not deferred compensation itself as

---

[4] WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1143 (2002).
[5] No. 30831-6-I, slip op. (Wash. Ct. App. Aug. 13, 2013) (unpublished), https://www.courts.wa.gov/opinions/pdf/308316%20OPN.pdf.

income.  It observed that including the deferred compensation payment as income would result in counting the payment as income twice, once when paid by the employer and again when distributed at a later date to the employee.

Neither of the reasons for the court's exclusion of deferred compensation apply to a child care payment made by an employer for the benefit of its employee.  No statutory language supports its exclusion and no risk of double counting exists.  The Gore court noted that neither party cited any authority supporting a claim that an employer's payment of a health insurance premium was income to the employee.  Indeed, the tax code contains an express provision allowing the employer a deduction for this expense and providing that it is not income to the employee.[6]  The court also noted the difficulty in determining the value of a premium payment to the employee.  Here, the record shows the IRS code requires that McKune's employer report its child care payment as income to McKune.  Because the amount reported equals the amount paid for the day care provided on behalf of McKune, no problem exists determining the value of the benefit to McKune.  So, Gore does not provide support for McKune's position.

Child Care Expenses

McKune next claims if the child care fringe benefit is income to her, then the trial court should have found she paid work related child care expenses and require Sunwoo to reimburse her his proportionate share.  We agree.

RCW 26.19.080(3) provides that day care costs shall be shared by the parents in the same proportion as basic child support obligation.  The arbitrator and the trial court

---

[6] U.S. Internet Revenue Serv., Pub. 15-B, Employer's Tax Guide to Fringe Benefits 5 (2020), https://www.irs.gov/pub/irs-pdf/p15b.pdf.

accepted Sunwoo's argument that the child care fringe benefit provided by McKune's employer was "free" to McKune. As a result, he claims McKune paid no child care expense. This argument improperly exalts form over substance and ignores economic reality.

McKune's employer did not make a gift of child care services to her. "A fringe benefit is a form of pay for the performance of services."[7] McKune provided her services to her employer and received in return compensation that included a child care fringe benefit. As the provider of services, McKune is the recipient of the value of this fringe benefit even if her employer made a payment to a third party for the child care.[8]

As between McKune and Sunwoo, the employer's direct payment to the child care provider has no different economic impact than if the employer had paid McKune additional wages equal to the child care cost and McKune had paid the provider. Because of our complex tax code, the employer and McKune benefit from the employer paying the child care provider directly. Either way, Sunwoo receives exactly the same thing. His child receives child care that he did not help pay for. But, RCW 26.19.080(3) requires that he pay his proportionate share. So, the trial court should have found McKune incurred a work related child care expense, made appropriate support calculations incorporating this expense, and require Sunwoo to reimburse McKune for his share. To the extent the trial court's order on motion to enforce and enter final orders and for fees, the child support order, the final parentage order, and the findings and conclusions about

---

[7] Pub. 15-B, Employer's Tax Guide to Fringe Benefits 2 (2020) https://www.irs.gov/pub/irs-pdf/p15b.pdf.

[8] Pub. 15-B, Employer's Tax Guide to Fringe Benefits 2 (2020) https://www.irs.gov/pub/irs-pdf/p15b.pdf.

parentage provide otherwise. We reverse those decisions and remand for further proceedings consistent with this opinion.

Sunwoo asks this court to provide him a credit against any child care expenses he may owe from the judgments he recovered against McKune. The trial court is the appropriate place for him to first make this request.

Attorney Fees

McKune requests attorney fees and costs citing RCW 26.26B.060.[9] She correctly notes this statute does not require consideration of either need or ability to pay.[10] McKune has prevailed. We grant her request for attorney fees and costs subject to her compliance with RAP 18.1.

CONCLUSION

We reverse the trial court's decisions as described above. The trial court properly included the employer paid child care fringe benefit in McKune's income for child support calculation purposes. But, it erred when it did not find McKune incurred work related child care expenses for which she was entitled to proportionate reimbursement from Sunwoo.

_Leach, J._

WE CONCUR:

_____    _____

---

[9] The court may order reasonable fees of experts and the child's guardian ad litem, and other costs of the action, including blood or genetic test costs, to be paid by the parties in proportions and at times determined by the court. The court may order that all or a portion of a party's reasonable attorney's fees be paid by another party, except that an award of attorney's fees assessed against the state or any of its agencies or representatives shall be under RCW 4.84.185.

[10] In re Marriage of Wendy M., 92 Wn. App. 430, 439, 962 P.2d 130 (1998).

7